1  LAW OFFICES OF BLOMBERG, BENSON & GARRETT, INC.
   DAVID K. GARRETT, ESQ. (SBN 114085 )
2  JULIET F. WOCHHOLZ, ESQ. (SBN 149945)
   9620 Center Avenue. Suite 100
3  Rancho Cucamonga, CA 91730
   TEL: (909) 945-5000
4  FAX: (909) 945-3145

5  Attorneys for Plaintiff and Cross-Defendant, LAW OFFICES
   OF BLOMBERG, BENSON & GARRETT, INC.
6

7

8
                      UNITED STATES DISTRICT COURT
9
                     CENTRAL DISTRICT OF CALIFORNIA
10
                            EASTERN DIVISION
11

12 | LAW OFFICES OF BLOMBERG,          ) Case No.: EDCV 11-2008-SVW (SPx)
   | BENSON & GARRETT, INC.,           )
13 |                                   )
   |          Plaintiff,               ) TRIAL BRIEF
14 |                                   )
   | v.                                )
15 |                                   )
   | SALVADOR RAMIREZ; KERN MEDICAL    ) ASSIGNED to the HONORABLE
16 | CENTER; ARROWHEAD RADIOLOGY       ) STEPHEN V. WILSON
   | GROUP; HALL AMBULANCE SERVICE;    )
17 | SIERRA PACIFIC ANESTHESIA: MERCY  )
   | PLAZA RESPIRATORY: KERN           )
18 | EMERGENCY PHYSICIANS: KERN        )
   | FACILITY MEDICAL GROUP; POMONA    )
19 | VALLEY HOSPITAL MEDICAL CENTER;   )
   | CALIFORNIA EMERGENCY              )
20 | PHYSICIANS; ARROWHEAD REGIONAL    )
   | MEDICAL CENTER; MEMRAD MEDICAL    )
21 | GROUP; DEPARTMENT OF HEALTH       )
   | SERVICES; MEDI-CARE; and DOES 1   )
22 | through 50, inclusive,            )
   |                                   )
23 |          Defendants               )
   |                                   )
24

25                      I.    INTRODUCTION

26        This case is before this Court via a Notice of Removal of Civil Action filed by

27 Defendant, Department of Health Services (Medicare) on December 16, 2011.  The underlying

28 case was filed in State Court by Plaintiff, Blomberg, Benson & Garrett as an interpleader action.

                              TRIAL BRIEF

                                  - 1 -

Plaintiff represented defendant, Salvador Ramirez, in a personal injury action in Orange County, Case Number 05CC02358. On December 7, 2006, per agreement, the parties attended a binding arbitration, at which time the arbitrator awarded Mr. Ramirez $25,000.00 for his injuries.

The costs of the medical treatment for Mr. Ramirez's injuries far exceeded the $25,000.00 award. Mr. Ramirez was receiving Medi-Care benefits which paid most of the medical treatment he received, and the County of San Bernardino also paid for additional services provided to Mr. Ramirez.

Plaintiff was unable to get the twelve different medical providers, each of whom may assert an interest in the arbiter's award, to come forward and state the amount still claimed, if any. Accordingly, plaintiff, as stakeholder, filed the present action in interpleader in state court. All medical providers have now been dismissed and/or defaulted, with the exception of the two providers still before the court and making a claim: Medi-care and The County of San Bernardino.

We are before the Court to seek its assistance in determining who is entitled to the funds and in what amount.

## II. CONTENTIONS OF FACT

Plaintiff contends, pursuant to the Retainer Agreement executed by Defendant Ramirez, that it is entitled to attorney fees and reimbursement of costs, for having obtained an award through binding arbitration, i.e., $25,000.00. Plaintiff is entitled to attorney fees in the amount of $10,000.00, and reimbursement of costs in the amount of $3,572.40.

Plaintiff further contends that it is entitled to reimbursement of costs, in the amount of $495.00, in bringing the interpleader action to determine the parties entitlement to the settlement funds and in what amount.

Plaintiff's entire claim thus amounts to $14,067.40.

## III.   STATEMENT OF LAW

Plaintiff's costs are authorized by statute. Specifically, pursuant to Code of Federal Regulations, Section 411.37(a) Medi-care must reduce its recovery to take account of the costs of procuring the judgment or settlement. In addition, pursuant to subsection (d) of that same

regulation, when Medicare payments exceed the judgment amount, Medi-care's recovery is the total judgment minus the procurement costs in obtaining that judgment.

California law also supports an award to the plaintiff. Specifically, <u>California Code of Civil Procedure Section 386.6</u> allows the award of costs <u>and</u> reasonable fees to the party bringing an interpleader action. Plaintiff's costs in bringing the present interpleader action amount to $495.00.

California law further provides that attorney fees and costs take priory over other claims. Pursuant to Civil Code Section 2881, a lien was created by contract between plaintiff and Mr. Ramirez. Such liens apply to judgments. <u>Cetenko v. United California Bank (1982) 30 Cal.App.3d 528, at 531,533-534.</u> Such a lien is valid and has priority. <u>Bluxome Street Associates v. Firemans Fund Ins. Co.</u> (1988) 206 Cal.App.3d 1149. Attorney liens have priority over medical liens; and accordingly attorney fees and costs are awarded before medical liens are satisfied. <u>Gilman v. Dalby (2009) 176 Cal.App.4th 606, 619-620.</u>

Accordingly, both Federal law and State law support an award of costs and fees to the plaintiff in this interpleader action. Plaintiff's entire claim thus amounts to $14,067.40 to satisfy fees and costs, and plaintiff seeks this amount.

## IV. CONCLUSION

Plaintiff, Blomberg, Benson & Garrett respectfully submit.

Dated: February 28, 2012

LAW OFFICES OF BLOMBERG,
BENSON & GARRETT, INC.


_____
David K. Garrett, Esq.
Juliet F. Wochholz, Esq.
Attorneys for Plaintiff


TRIAL BRIEF

- 3 -